## SLEDDENS v. SHAUGHNESSY.

No. 92, Docket 21461.

United States Court of Appeals Second Circuit.

Argued Oct. 14, 1949.

Decided Oct. 27, 1949.

Vincent J. Cuti, New York City, attorney and counsel for Henricus F. J. Sleddens, relator-appellant.

John F. X. McGohey, United States Attorney, New York City, for Edward J. Shaughnessy, Acting District Director, respondent-appellee; William J. Sexton, Assistant United States Attorney, Louis Steinberg, District Counsel, and Lester Friedman, Attorney, Immigration & Naturalization Service, New York City, of counsel.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The relator Sleddens entered the United States on January 2, 1946, at the Port of New York as a visitor on business for six months. He was accompanied by his wife and two year old child. A second child was born to the couple on June 25, 1946. An extension of the right of Sleddens and his family to remain in the country was granted for a further period which expired June 30, 1947. Upon the expiration of the extension an immigration warrant of arrest was issued charging the relator with a violation of the Immigration Act of 1924, 8 U.S.C.A. § 201 et seq., on two grounds:

(1) That he had remained in the United States for a longer time than permitted under the Act, and

(2) That at the time of entry he was an immigrant not in possession of a valid immigration visa.

As a result of proceedings before the immigration authorities, the relator was ordered deported upon the second charge that he had entered the United States as an immigrant without an immigration

visa. The first charge, that he had overstayed his leave as a visitor, was determined against the Department of Immigration, doubtless because deportation on the ground of overstaying his leave as a visitor was inconsistent with the other charge that the relator was a quota immigrant not possessing a visa. The finding that the relator was a quota immigrant who entered the country without a visa depended upon a proper resolution of the facts of the case and inferences derivable therefrom. In our opinion the evidence justified the inferences drawn by the immigration authorities.

The relator first applied for an immigration visa. He was told, in substance, that there was such an accumulation of applications for immigration visas that he could not obtain one inside of three or four years. He sought to come to America to establish a business of selling Dutch flower bulbs, Holland gin, and other articles. He said that his intention, when given a visitor's permit, was to remain in America permanently, if possible. He so testified before the immigration authorities. He brought his family with him and made no showing that he retained a domicile in Holland or had any intention of returning. Under these circumstances we think the finding that he came as an immigrant without a visa was justified. In support of his argument that the finding was unsupported he referred to the decision of this court in Chryssikos v. Commissioner of Immigration, 3 F.2d 372. That case however is not applicable. The alien there testified that she would return to her native country (Greece). Although she expected to come back again to America, there was no proof that on the voyage in question she intended to come to this country for permanent residence. Accordingly, the decision of the Board of Special Inquiry that such was her purpose was properly reversed as completely without evidence.

The relator's claim in the habeas corpus proceedings that he was entitled to suspension of deportation was properly held to be without merit because such suspension was a matter of discretion on the part of the Attorney General which the court was without power to review. United States ex rel. Bartsch v. Watkins, 2 Cir., 175 F.2d 245; United States ex rel. Walther v. District Director, 2 Cir., 175 F.2d 693.

The order dismissing the writ of habeas corpus is affirmed.