**GUTNAYER v. McGRANERY, Atty. Gen.**

**Civ. A. No. 1382–52.**

United States District Court
District of Columbia.

Nov. 10, 1952.

of Vlasto v. McGrath, Civil Action No. 4696–49 ruled on this question. Judge Holtzoff stated as follows:

"This is an action against the Attorney General to review a determination under the Displaced Persons Act of June 25, 1948 [50 U.S.C.A.Appendix, § 1951 et seq.] denying relief to the plaintiff.

"Section 4(a) of the Act provides that any alien who entered the United States prior to April 1, 1948, and who is otherwise admissible under the Immigration Law, and who is a displaced person residing in the United States as defined in this section, may apply to the Attorney General for an adjustment of his immigration status. If the Attorney General shall, upon consideration of all the facts and circumstances of the case, determine that such alien falls under the provisions of this section, the Attorney General shall report to the Congress all of the pertinent facts in the case. Congress may then determine by concurrent resolution that the status of permanent resident shall be accorded the alien.

"It is the view of the court that this statute is unlike laws relating to the exclusion and deportation of aliens, and that it is more like the statute which confers discretionary power upon the Attorney General to suspend the deportation of certain persons. The matter is reposed with the Attorney General, subject to his reporting to Congress all the facts. Any favorable decision that he makes must be reported to the Congress for final approval or disapproval. The conclusion seems inescapable that Congress contemplated that there should be no judicial review in these matters.

"Any case in which the head of a department acts within the scope of his sound discretion is not subject to judicial review.

"My decision is that the action of the Attorney General on Section 4 of the Displaced Persons Act does not contemplate judicial review and it is en-

Jack Wasserman, Washington, D. C., for plaintiff.

Ross O'Donoghue, Asst. U. S. Atty., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

It is clear to the Court that the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., does not apply to this case. Judge Holtzoff, of this Court, in a statement delivered orally in Court in the case

tirely within his discretion subject to the control of Congress. Consequently the Administrative Procedure Act does not apply.

"It is further urged that the plaintiff did not receive the type of hearing prescribed by the Administrative Procedure Act, in that the matter was not heard by an examiner within the meaning of that statute.

"In the recent case of Wong [Yang] Sung v. McGrath [339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, Id., 339 U.S. 908, 70 S.Ct. 564, 94 L.Ed. 1336], the Supreme Court held that the Administrative Procedure Act applies to deportation proceedings because of the requirement of a hearing in that statute. No such requirement is found here. We do not have a person who is sought to be deported, but rather a person who is knocking at our doors seeking admission. He is in an entirely different position from a person whose deportation is being sought by the Government. It seems to the court that the ruling in Wong Yang Sung v. McGrath does not apply.

"In view of these considerations, the defendant's motion to dismiss is granted, and the plaintiff's motion for summary judgment is denied."

I believe this to be good reasoning, and hold therefore that the Administrative Procedure Act does not apply.

Under Section 4(a) of the Displaced Persons Act, it is provided that if the Attorney General shall find upon a consideration of all the pertinent facts and circumstances of the case that the alien is qualified, he shall report to Congress all the pertinent facts in the case. Section 4(a) then provides that Congress may then determine by concurrent resolution that the status of permanent residence shall be accorded the alien.

While I agree with Judge Holtzoff that discretion is vested in the Attorney General and that his exercise thereof is not ordinarily subject to judicial review, it does not mean that Courts may not interfere when the action is arbitrary, capricious or contrary to law. A part of plaintiff's prayer in this case is that plaintiff may not be denied adjustment of status as a displaced person upon the ground that he entered the United States unlawfully. In that request plaintiff is not asking for a determination of status by this Court. Obviously this Court could not grant such a request. The final determination rests in the Congress. What plaintiff does request is that he be not denied the opportunity to have his case submitted to Congress upon the sole ground that he entered the United States unlawfully.

For the purposes of the motion to dismiss. the allegations of the complaint must be considered as undisputed. The complaint alleges that plaintiff was accorded a hearing upon his application for adjustment of his status and that upon said hearing he was denied adjustment of status upon the ground that he entered the United States unlawfully in that he intended to remain permanently in the United States at the time of his entry on January 25, 1946. The Court is of the opinion that defendant cannot grant plaintiff a hearing for the purpose of considering the facts and circumstances to determine whether he is qualified to have his case submitted to Congress, and then upon illegal grounds deny him right to have the matter submitted to Congress. Such conduct would be arbitrary, capricious, unlawful, and justify interference by the Courts. It must be conceded for the purpose of this motion that plaintiff was lawfully admitted to the United States under Section 3(1) of the Immigration Act of 1924, 8 U.S.C.A. § 203(1), as an official of the Polish Government on January 25, 1946. The term "Displaced Person residing in the United States" is defined in the Displaced Persons Act as "*a person who establishes that he lawfully entered the United States as a non-immigrant under section 3 * * * of the Immigration Act of May 26, 1924, as amended,*" and that he is a person displaced from the country of his birth, or nationality, or of his last residence as a result of events subsequent to the out-break of World War II; and that he cannot return to any of such countries because of

persecution or fear of persecution on account of race, religion or political opinions." 50 U.S.C.A.Appendix, § 1953(b). [Italics supplied.]

The term "immigrant" is defined as meaning any alien departing from any place outside the United States destined for the United States, *except an accredited official of a foreign government recognized by the Government of the United States, his family, attendants, servants, and employees*". [Italics supplied.] Plaintiff has alleged that he was admitted to the United States as an accredited official of a foreign government within the meaning of the above provision, and that adjustment of the status was denied on the sole ground that he entered the United States unlawfully in that he had an intention to remain in this country when he was first admitted.

Since the State Department and the Immigration Service admitted plaintiff as a representative of a former government, then plaintiff is lawfully in the United States and cannot be denied adjustment of status under the Displaced Persons Act solely on the ground that he had an undisclosed intention to remain here permanently. U. S. v. Prince Line, Ltd., 2 Cir., 1951, 189 F.2d 386. See also the earlier case of Sleddens v. Shaughnessy, 2 Cir., 1949, 177 F.2d 363, in the same circuit, in which the Court held that at the time of entry plaintiff was an immigrant not in possession of a valid immigration visa on the ground that he said he intended to remain here permanently when he was given his visitor's permit. The facts in the U. S. v. Prince Line, supra, seem to be more analogous to the instant case than the earlier case of Sleddens v. Shaughnessy, supra. McGrath v. Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173.

The Court has reached the conclusion that this matter should be referred back to the Attorney General of the United States for further consideration and determination of the status of the defendant upon all the facts and circumstances of the case, but that the Attorney General's determination shall not be based in any event upon the assumption that the plaintiff entered this country unlawfully.