**UNITED STATES ex rel. JAMES v. SHAUGHNESSY, District Director of Immigration and Naturalization Service of Port of New York.**

No. 176, Docket 22579.

United States Court of Appeals Second Circuit.

Argued Feb. 4, 1953.

Decided March 11, 1953.

Writ of Certiorari Denied June 1, 1953.

Myles J. Lane, U. S. Atty. for Southern District of New York, New York City, William J. Sexton, Asst. U. S. Atty., New York City, Louis Steinberg, District Counsel, Immigration and Naturalization Service, New York City, Lester Friedman, Attorney, Immigration and Naturalization Service, New York City, Max Blau, Attorney, Immigration and Naturalization Service, New York City, of counsel, for respondent-appellee.

Markewich, Rosenhaus & Markewich, New York City, Robert Markewich, New York City; of counsel, for relator-appellant.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellant is an alien, a British subject, who came to this country in 1939, and was then lawfully admitted as a temporary visitor for a period of five months under the provisions of Title 8 U.S.C.A. § 203(2). He has continuously resided in the United States since his entry, and he has been ordered deported on the ground that he overstayed his leave. Title 8 U.S.C.A. § 214.

He is married to a native citizen of the United States and has a child who was born in this country. While the proceedings for his deportation were pending, he applied, pursuant to Title 8 U.S.C.A. § 155(c), to the Attorney General for suspension of deportation and complied with all the statutory conditions to entitle him to have his application given the discretionary consideration the statute requires. The application was denied and he now claims that its denial was not the result of an actual exercise of discretion but of an unlawful refusal to exercise it. If he is right the writ should have been sustained, at least conditionally, to enable him to obtain the discretionary decision which he of right may demand. Mastrapasqua v. Shaughnessy, 2 Cir., 180 F.2d 999. At first the judge was of the opinion that the writ should be sustained to that extent and so held; but upon rehearing, having reached the conclusion that discretion had actually been exercised, ordered it dismissed. The relator has appealed.

The appellant does not now raise any question as to the deportation order itself. Admittedly he is deportable on the ground above stated; and if his application for the suspension of the order has been duly considered and decision reached on an overall evaluation of the circumstances shown, this appeal must fail. United States ex rel. Weddeke v. Watkins, 2 Cir., 166 F.2d 369, 373, certiorari denied 333 U.S. 876, 68 S.Ct. 904, 92 L.Ed. 1152; United States ex rel. Walther v. District Director, 2 Cir., 175 F.2d 693; Sleddens v. Shaughnessy, 2 Cir., 177 F.2d 363.

As is usual when the Attorney General is asked to suspend deportation, the original hearing was held before a trial examiner. He proposed findings to the effect that the alien had been a person of good moral character during the past five years and that his deportation "would result in serious economic detriment to his citizen spouse and citizen minor child." His proposed conclusion of law was that "under Section 19(c)(2) of the Immigration Act of February 5, 1917, the respondent is eligible for the privilege of suspension of deportation." Nevertheless, he recommended that "The respondent be deported pursuant to law on the charge stated in the warrant of arrest."

This recommended order followed the presentation of evidence which showed that the appellant was, and for years had been, both while he had unlawfully remained in this country and before he came here, an active worker, lecturer and writer in furthering the aims of the so-called "Trotskyite" wing of the world communist movement and a member of the Fourth International which advocated the overthrow of "capitalist" forms of government by "revo-

lutionary leadership." He was opposed, however, to "Stalinism."

The Commissioner of Immigration then considered the entire record, noted the appellant's advocacy of the "Trotskyite" brand of communism, and denied suspension of deportation.

The Board of Immigration Appeals dismissed an appeal from the Commissioner's order after reviewing the entire record. In its opinion reference was made to the Internal Security Act of 1950 as laying down "a broad guide or policy which we cannot ignore in dispensing discretionary relief," but this was in connection with the statement that in the past relief had been granted "under the Seventh Proviso to Section 3 of the Immigration Act of February 5, 1917, as amended, to persons who had been members of the Communist Party, where such persons were unusually meritorious" and that such proviso was made inapplicable by Section 22 Sec. 6(a) of the Internal Security Act of 1950. It was obviously not a holding that the Attorney General was precluded by the last mentioned statute from granting discretionary relief to this applicant. It was merely to distinguish his situation from that of others to whom discretionary suspension of deportation had been granted when the proviso. 39 Stat. 875, which permitted, in the exercise of administrative discretion, the admission of any alien returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years upon such conditions as might be prescribed, was still relevant.

Apparently, however, this had led the applicant to believe that he was denied relief because he was found on irrelevant grounds to be within the provisions of § 19(d) of the 1917 Act, as amended, 8 U.S. C.A. § 155(d) and therefore a person as to whom the Attorney General had no power to suspend deportation. And from this premise he further argues that since his communist activities were in the field of speech and writing his constitutional rights under the First Amendment have been contravened and he has also been denied due process in violation of the Fifth Amendment.

Since he was not held to be within any of the classes mentioned in § 19(d) of the 1917 Act, 8 U.S.C.A. § 155(d), the premise on which his constitutional argument is based is unsound and we do not reach any constitutional question on this record. On the contrary, it is abundantly clear that he has been given administrative consideration of his application on the basis of individual merit, or the lack of it, with recognition of his right to make the application. As the opinion of the Board of Appeals disclosed, its decision was an actual exercise of discretion in the light of "respondent's own statements and other evidence of record."

Affirmed.