**UNITED STATES ex rel. WATTS v. SHAUGHNESSY.**

**No. 277, Docket 22728.**

United States Court of Appeals Second Circuit.

Argued May 15, 1953.

Decided Aug. 18, 1953.

J. Edward Lumbard, Jr., U. S. Atty., New York City, for appellee. William J. Sexton, Asst. U. S. Atty., Lester Friedman, Atty., Immigration and Naturalization Service, United States Department of Justice, New York City, of counsel.

Rachlin & Migdal, New York City, for relator-appellant. Carl Rachlin, New York City, of counsel.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a writ of habeas corpus granted in behalf of Alexander Pavlovich, an alien born in Yugoslavia, who has been ordered deported to that country. The validity of that order is not questioned. The issue before us is whether, when he applied to the Attorney General for a stay of deportation pursuant to Section 243(b) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253(b), on the ground that he would be physically persecuted in Yugoslavia if deported as ordered and his application was denied, his Fifth Amendment rights were infringed.

His contention that the duly designated delegate of the Attorney General who was the hearing officer was without authority to act on the application is unsound. U. S. ex rel. Dolenz v. Shaughnessy, 2 Cir., 200 F.2d 288, certiorari denied, 345 U.S. 928, 73 S.Ct. 780.

The record amply shows that the alien was given a hearing at which he had the opportunity to present his evidence to support his claim and that the application was denied for lack of merit. The evidence was but his own testimony without corroboration and it is apparent that the hearing officer did not believe him. Thus, failure to form, and to give effect to, an opinion that the physical persecution of the alien would follow his deportation to Yugoslavia was neither arbitrary nor capricious but the result of the failure to introduce persuasive evidence of facts on which one might be justifiably formed.

In the return to the writ it is asserted that, "This is not a matter which is subject to judicial review and intervention since, obviously, the Court is without power and jurisdiction to substitute its opinion for that of the Attorney General in whom the power is vested by statute. Moreover the Attorney General, or his delegates, is (sic) in a position to have access to numerous confidential records not only of various investigative agencies of the United States but of the State Department and is therefore in the best position to render an opinion and exercise judgment in this type of case. The disclosure of confidential information which is frequently used in such cases would be prejudicial to public interest."

Nowhere else does the record show that there was any use of confidential information to influence the Attorney General's delegate and this broad general statement does not show that either. At most it is an admission that such confidential information "is frequently used in such cases" but not that there was any use of such information undisclosed to the appellant in this instance. So the issue as to any infringement of constitutional protection is not presented.

In our opinion, this appeal is indistinguishable from U. S. ex rel. Dolenz v. Shaughnessy, supra.

Order affirmed.

FRANK, Circuit Judge (concurring).

I concur for the reasons stated in the third paragraph.