UNITED STATES ex rel. MATRANGA v. MACKEY, Commissioner of Immigration and Naturalization et al.

Civ. 86–57.

United States District Court
S. D. New York.

Aug. 25, 1953.

**46**

Alfred E. Santangelo, New York City, Peter C. Giambalvo, Brooklyn, N. Y., Joseph S. Hertogs, San Francisco, Cal., and Frank Desimone, Beverly Hills, Cal., for relator.

J. Edward Lumbard, U. S. Atty. for the Southern District of New York, New York City (Harold J. Raby, Asst. U. S. Atty., and Lester Friedman, Attorney, Immigration & Naturalization Service, Dept. of Justice, New York City, of counsel), for respondent.

DIMOCK, District Judge.

This is a habeas corpus proceeding by an alien now held by immigration officials under a warrant of deportation. He has raised numerous points of which he now presses two: first, that the finding as to his deportability was unlawful in that the basis of deportation was improper and the hearing he was afforded was unfair in certain respects and, second, that there was error in the denial of his application for suspension of deportation in that confidential information was considered by the Board of Immigration Appeals and the denial was an abuse of discretion.

Taking up these contentions I conclude that the finding as to deportability must be upheld.

Relator did not raise the question of the impropriety of the basis of deportation in his administrative appeals. While I doubt his right to present this question on this writ before having exhausted his administrative remedies with respect to it by raising the point before the appropriate administrative bodies, I will briefly consider it.

Prior deportation proceedings were commenced against relator in 1942, but he was granted the privilege of voluntary departure and pre-examination instead of being formally deported. He was given permission to go to Canada to apply for an immigrant visa and to return. If the visa had been granted, his status would have become that of a legally admitted alien and he would not be now subject to deportation because of improper entry. In December of 1945 he went to Canada for one day in order to apply for the immigrant visa. The visa was not granted and he returned to the United States without one. The ground for his deportation warrant is that he at that time entered the United States without a valid immigrant visa and is deportable under sections 13 and 14 of the Immigration Act of May 26, 1924, 8 U.S.C. §§ 213, 214.

Relator argues that this return was not an entry within the meaning of

the statute. He voluntarily entered Canada with the knowledge and intention of entering a foreign country. It is true that he departed for a short time and that it was done with the hope, intention, and, indeed, for the purpose, of returning to the United States for permanent residence. Nevertheless, his return constituted an entry within the meaning of the statute. Schoeps v. Carmichael, 9 Cir., 177 F.2d 391, 396. The fact that his departure was under the pressure of a deportation proceeding should not change the result. See United States ex rel. Bartsch v. Watkins, 2 Cir., 175 F.2d 245; United States ex rel. Rubio v. Jordan, 7 Cir., 190 F.2d 573. It would be anomalous to hold that a return which would have constituted a legal entry if accomplished under a visa did not amount to an entry of any kind in the absence of the visa. At the least, the circumstances here are not so fortuitous and extraordinary as those which the Supreme Court found in Delgadillo v. Carmichael, 332 U.S. 388, 68 S.Ct. 10, 92 L.Ed. 17, to constitute an exception to the general rule that every return of an alien from a foreign country to the United States constitutes an entry within the meaning of the statute.

■■ Relator complains that the administrative hearing was unfair in that evidence was improperly admitted and that the hearing officer prejudged his case. He supplies no particulars that support these claims. On reviewing the record of the hearing I find no basis for concluding that the hearing officer acted unfairly. Likewise, I find no such errors with respect to evidence as would render the hearing unfair. Schoeps v. Carmichael, 9 Cir., 177 F.2d 391, 395, supra.

A more troublesome point is raised by the conceded consideration of evidence outside of the record by the Board of Immigration Appeals in affirming the denial of relator's application for suspension of deportation. The Board exercised the discretion it has under section 19(c) of the Immigration Act of 1917, as amended, 8 U.S.C. 155(c), continued in effect as to pending cases by section 405(a) of the Immigration and Nationality Act of 1952 [8 U.S.C.A. § 1101 note], and concluded that relator was not a worthy subject for that relief.

■■ The Board in considering this evidence relied in part upon the new regulations issued pursuant to the Immigration and Nationality Act of 1952, and expressly referred to 8 C.F.R. (Revised 1952) § 244.3, which authorizes the use of confidential information if in the opinion of the Board disclosure would be prejudicial to the public interest, safety, or security. Respondent did not in argument contend that this regulation was applicable. If it had been I would doubt that the conditions it prescribes had been complied with. I agree, however, that it is inapplicable. This application was made before the enactment of the Immigration and Nationality Act of 1952 and section 405(a) of that Act, above referred to, provides that the Act shall not affect such applications. The regulations having been issued under the Act, must, I should think, follow the same pattern and the question must be resolved on the basis of the former regulations.

The Court of Appeals of this circuit has recently had occasion to discuss, although not decide, the question of the legality of the Board's consideration of matters outside the record on applications for suspension of deportation. United States ex rel. Accardi v. Shaughnessy, 206 F.2d 897. In that case, the court distinguished the case of Alexiou v. McGrath, D.C.D.C., 101 F. Supp. 421, and assumed arguendo that "since the Attorney General has provided by regulations the procedure by which a deportable alien is accorded a hearing on his application to suspend deportation, that he is entitled to procedural due process in the conduct of such hearing; that is, the requirements of a fair hearing must be met."

The Alexiou case is relied on by relator for the proposition that confidential information outside of the record may not be considered in determining applications for suspension of deportation. The

Alexiou case differs from that at bar in that the court was there concerned with eligibility for suspension of deportation rather than its discretionary suspension and was there concerned with regulations issued by the Attorney General. Judge Youngdahl's holding in that case was that the pertinent regulations then provided for a fair hearing on the issue of eligibility for suspension of deportation. As I read his opinion, he held that the requirements fixed by those regulations must be followed and he did not decide the question as to the procedure to be followed by the Attorney General in exercising his discretion with respect to suspension of deportation. Among the regulations he referred to as requiring a hearing on the question of eligibility are 8 C.F.R. (1949 Ed.) 150.7(b) which provided that the hearing officer state in numbered paragraphs his proposed findings of fact and his proposed conclusions of law as to the alien's eligibility for the relief of suspension of deportation and 8 C.F.R. (1949 Ed.) 150.7(c), which provided that the presiding inspector shall make a recommendation as to suspension of deportation "in accordance with the judgment he has made on the basis of the evidence adduced at the hearing." These provisions are not contained in the regulations effective with respect to relator's application. Those regulations merely require the hearing officer to determine whether he is satisfied, on the basis of the evidence presented, as to the alien's statutory eligibility for the relief requested and he need merely state his conclusion on that question. 8 C.F.R. (1949 Ed., 1951 Cum.Sup.) 151.5(a). Indeed that section provides that the hearing officer has no authority to exercise the Attorney General's discretion on such applications. Thus, I find no basis, in the applicable regulations, despite the assumption of the court of appeals, for holding that the Attorney General has prescribed a hearing which excludes the consideration of matters outside the record on the question of the exercise of his discretion. The question thus turns on whether, as a matter of law, putting regulations aside, the Attorney General may not consider evidence outside the record in exercising his discretion on applications for suspension of deportation. This question has been resolved in respondent's favor by Judge Ryan of this court in United States ex rel. Diaz v. Shaughnessy, District Director of Immigration and Naturalization, D.C.S.D. N.Y., February 26, 1953, affirmed on other grounds, 2 Cir., 206 F.2d 142. Judge Ryan relied on the decision in United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 180 F.2d 489. In that case Judge Learned Hand said at 491:

"The power of the Attorney General to suspend deportation is a dispensing power, like a judge's power to suspend the execution of a sentence, or the President's to pardon a convict. It is a matter of grace, over which courts have no review, unless —as we are assuming—it affirmatively appears that the denial has been actuated by considerations that Congress could not have intended to make relevant. It is by no means true that 'due process of law' inevitably involves an eventual resort to courts no matter what may be the interest at stake; not every governmental action is subject to review by judges."

In deciding the case Judge Hand conceded in effect that the Attorney General's denial of suspension of deportation was based on evidence outside the record. The alien there was denied that relief because he was a member of an organization on the Attorney General's proscribed list but the grounds for proscribing that organization were not in the record of the hearing afforded the alien. See also United States ex rel. Vassaliades v. Commissioner of Immigration, 2 Cir., 103 F.2d 423, with respect to the right to a fair hearing on such applications.

There are cases which strongly intimate that a fair hearing must be afforded on such applications and that consideration of matters outside the record would render them unfair. United States ex rel. Accardi v. Shaughnessy, 2

Cir., supra; United States ex rel. Weddeke v. Watkins, 2 Cir., 166 F.2d 369, certiorari denied 333 U.S. 876, 68 S.Ct. 904, 92 L.Ed. 1152; United States ex rel. Salvetti v. Reimer, 2 Cir., 103 F.2d 777. See also United States ex rel. Watts v. Shaughnessy, 2 Cir., 206 F.2d 616. At the least, under certain circumstances, confidential information may be considered without violating procedural due process, United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 206 F.2d 392, and in view of the language and facts of United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 180 F.2d 489, quoted above, I am constrained to hold that the Board's consideration of evidence outside the record did not render its determination unlawful. I realize that this means that serious abuses are possible with grave consequences to the residents of our land who are not fortunate enough to be citizens but that does not justify the judicial imposition of requirements that the legislative and executive branches of our government have not seen fit to impose. As Judge Learned Hand so ably pointed out, we are not dealing with matters of right but rather matters of grace.

On the other hand, I think that there is some protection against oppressive administrative conduct. Denials of applications for suspension of deportation are, I think, reviewable for abuse of discretion. See United States ex rel. Adel v. Shaughnessy, 2 Cir., 183 F.2d 371. Mastrapasqua v. Shaughnessy, 2 Cir., 180 F.2d 999. Although the burden may be on the alien, it seems to me that he can in an appropriate case make such a showing of arbitrary and capricious action as to shift the burden of going forward with evidence to the immigration officials. A claim of such abuse is made here but relator does not sustain his burden. He is admittedly a former bookmaker and, at the least, his past financial and business history raises questions as to the source of his income.

Writ dismissed.