**PRESIDENT OF UNITED STATES**
**ex rel. FERETIC**
**v.**
**SHAUGHNESSY.**

United States District Court
S. D., New York.

June 22, 1954.
As Modified on Granting of Reargument July 14, 1954.

# 740

Albert Mayer, New York City, for relator.

J. Edward Lumbard, U. S. Atty., New York City, Lester Friedman, Atty., Department of Justice, New York City, of counsel, for United States.

McGOHEY, District Judge.

Relator, a native of Jugoslavia, is being detained by respondent pending execution of an order and warrant of deportation. By this writ he seeks judicial review of the denial on May 18, 1954 of a stay of deportation as well as the ruling on March 11, 1954 that he was not entitled to the relief under the Refugee Relief Act of 1953, 50 U.S.C.A. Appendix, § 1971 et seq. It is urged that both rulings are arbitrary and capricious, in violation of the relator's constitutional rights.

Relator was last admitted to the United States in 1944 as a member of the crew of the SS Calleroy under Section 3(5) of the Immigration Act of 1924, 43 Stat. 154, for a period not to exceed 29 days. He has since continuously resided in this country. In 1949 he applied for adjustment of his immigration status under Section 4 of the Displaced Persons Act of 1948, 50 U.S. C.A.Appendix, § 1951 et seq. He was accorded a hearing on this application which was denied by order of the Assistant Commissioner of Immigration and Naturalization Service on the ground that relator, having at the time of his last entry into the United States an intention to remain permanently, was not then a nonimmigrant and accordingly his last entry was unlawful since he was an immigrant not in possession of a valid immigration visa.

Thereafter, in June 1950, deportation proceedings were instituted charging that relator was an immigrant not in possession of a valid immigration visa. After a hearing he was found deportable and voluntary departure was denied. Relator took exception to this decision and the entire record was referred to the Commissioner of Immigration and Naturalization for review and decision. On Jan. 24, 1951, the Assistant Commissioner denied the relator's application for voluntary departure. No appeal having been taken the order for deportation became final.

In May of 1952 relator again applied for voluntary departure in lieu of deportation. This application was denied and an appeal was dismissed by the Board of Immigration Appeals in August of 1952.

Relator thereafter applied for adjustment of his immigration status under Section 6 of the Refugee Relief Act of 1953. On Feb. 25, 1954, he was accorded a hearing before a Special Inquiry Officer. This officer proposed that the application be denied on the ground that the relator did not lawfully enter the United States as a bona fide nonimmigrant and was therefore ineligible for the relief for which he applied. On March 11, 1954, the Assistant Commissioner of Immigration and Naturalization ordered that the application be denied.

Relator thereafter made application for a stay of deportation pursuant to the provisions of Section 243(h) of the Immigration and Nationality Act of 1952 [1] on the ground of physical persecution if he returned to Jugoslavia. After a hearing and review the Acting Assistant Commissioner denied the relator's application on May 18, 1954.

Under Section 243(h) of the Immigration and Nationality Act of 1952 the Attorney General is authorized to withhold deportation of any alien

1. 8 U.S.C.A. § 1253(h).

within the United States to any country in which in his opinion the alien would be subject to physical persecution. The relator has been accorded a hearing on that issue and administrative review. The decision is not so lacking support in the evidence developed at the hearing as to be held capricious or arbitrary. Accordingly the decision is not here open to review.

Denial of relief under the Refugee Act of 1953, however, stands on a different footing. Section 6 of that Act [2] provides that "Any alien who establishes that prior to July 1, 1953, he lawfully entered the United States as a bona fide nonimmigrant and that because of events which have occurred subsequent to his entry into the United States he is unable to return to the country of his birth, or nationality, or last residence, because of persecution or fear of persecution on account of race, religion, or political opinion, may, within one year after the effective date of this Act (August 7, 1953) apply to the Attorney General of the United States for an adjustment of his immigration status." Relator was denied relief under this statute on the sole ground that his last entry was unlawful because at that time he had the undisclosed intention of remaining here at the expiration of his shore leave. Other points raised by the application were not considered.

█ The statutory construction on which that determination purports to rest has been rejected by the Courts of Appeals for the Second Circuit, U. S. v. Prince Line, 1951, 189 F.2d 386; and the District of Columbia Circuit, Brownell v. Gutnayer, 1954, 212 F.2d 426. It is clear under those cases that the relator may not be denied adjustment of his status as a displaced person on the theory that an intention to remain permanently in the United States made his last entry unlawful. Accordingly his application for adjustment of his status having been decided on an incorrect theory

of law must be reconsidered in the light of the correct theory announced in those decisions.

The Refugee Act of 1953 gives this relator the right to apply for adjustment of his status. That right implies the right to have his application considered in light of the judicial interpretation of the statute. This relator has not been accorded that latter right. It is not necessary here to enter into a lengthy discussion of procedural technicalities or to determine whether the denial of this right so infects the order of deportation as to invalidate it. The relator is in custody. If he is deported now the possibility of relief through an action for declaratory judgment, possibly open to him only in the District of Columbia, will be of small help in securing to him a denied right.

█ Accordingly, as was done in United States ex rel. Walther v. District Director, 2 Cir., 175 F.2d 693, the writ will be held in abeyance undecided, until the relator's application for relief under the Refugee Act is reconsidered and determined under the correct construction of that statute.