**Application of Carmella ORLANDO, for a Writ of Habeas Corpus, to inquire into the detention of Frank or Francesco Orlando, by the District Director of Immigration and Naturalization, or his deputies at Syracuse, New York.**

Civ. 5342.

United States District Court
N. D. New York.

Oct. 2, 1954.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Herman I. Branse, Buffalo, N. Y., of the Immigration and Naturalization Service, of counsel, for the United States.

Smith & Sovik, Syracuse, N. Y., William J. Mackay, Syracuse, N. Y., of counsel, for petitioner.

BRENNAN, District Judge.

Frank Orlando, in whose behalf a petition is filed herein, seeks relief through the medium of a writ of habeas corpus in the matter of the denial of his application for the suspension of a warrant or order for his deportation. For convenience, Orlando, will be referred to as the petitioner.

The petitioner is an alien, native of Italy, who claims to have entered the United States as a stowaway in April 1924. He has remained a resident of this country, since his entry, which has never been legally validated. That he is subject to be deported appears to be conceded and as in United States ex rel. James v. Shaughnessy, 2 Cir., 202 F.2d 519 the issue is narrowed to a consideration of the contention that he was denied a fair hearing in the matter of his application for suspension of deportation.

Upon the deportation hearing held October 21, 1953, application under Section 244 of the Immigration and Nationality Act was made for suspension of deportation in accordance with the procedure contemplated by 8 C.F.R. 242.54 (d). Formal request for such relief was thereafter filed, an investigation was made, and the report of a special inquiry officer denying the application was filed December 22, 1953. An appeal was taken to the Board of Immigration Appeals, a brief was filed in behalf of the alien, oral argument was had before the Board, and on July 19, 1954, the application for suspension of deportation was denied and the appeal dismissed. The applica-

tion for a writ of habeas corpus essentially charges that the petitioner was denied a fair hearing in the matter involved before the Special Inquiry Officer, the effects of which were carried over into the proceedings before the Board, and that petitioner was thereby deprived of the fundamental rights of essential fairness which are his, thereby rendering the decision of the Board invalid.

Specifically it is urged that the Special Inquiry Officer and the Board of Immigration Appeals used an erroneous standard in considering the alien's eligibility for suspension of deportation, that they concluded that the alien was ineligible and discretion was not in fact exercised, that the record improperly contained writings not introduced in evidence which afford the basis for the ultimate decision and that the decision was also based upon the unwarranted use of confidential information.

In resolving the contentions the court has in mind the procedures afforded in order that the discretion authorized by the statute may be exercised, the limited extent of the courts reviewing power, and the overall requirement that meticulous care be taken that the essential standards of fairness be at all times observed in the important matter involved. That the petitioner here may invoke the discretion of the Attorney General under the provisions of Section 244 of the Immigration and Nationality Act, 8 U.S.C.A. § 1254, is not disputed. He must bear the burden of showing residence within the United States for seven years preceding the application, that he was and is a person of good moral character during that period and that his deportation would result in exceptional and extremely unusual hardship to him, his citizen wife or child. The powers of the Attorney General granted in the above section, have been delegated in accordance with applicable statutes and regulations to a special inquiry officer whose decision is subject to review by the Board of Immigration Appeals whose decision is final. 8 U.S.C.A. § 1103; 8 C.F.R. 242.6, 242.6 (e), 6.1(b) (2), 6.1(d), (1), (2).

Although variously expressed in reported cases the power of this Court in this proceeding is limited to determining that "procedural due process" was afforded the petitioner in the proceedings which culminated in the assailed order, United States ex rel. Harisiades v. Shaughnessy, 2 Cir., 187 F.2d 137, at page 141, and that if discretion was exercised, no abuse of same occurred. United States ex rel. Frangoulis v. Shaughnessy, 2 Cir., 210 F.2d 572. The essential standards of fairness referred to in Bridges v. Wixon, 326 U.S. 135, at page 154, 65 S.Ct. 1443, 89 L.Ed. 2103 are not violated by defects unless same lead to a denial of justice. Marcello v. Ahrens, 5 Cir., 212 F.2d 830, at page 837. From the above precedents and cases cited therein, it seems clear that the courts duty here is to make an overall evaluation of the procedures used, the facts disclosed, and the decision reached with the understanding that the order is unassailable if the statutory procedures are fairly followed.

The contention that "economic detriment" was erroneously used to determine the applicant's eligibility arises from the use of the term, principally in the heading or introductory paragraphs of reports or decisions. The use of the term doubtless arises from long familiarity with the requirements of the statute as it existed prior to the passage of the present Act (1952). It is abundantly clear that the Board followed the proper standard for they specifically referred to "exceptional and extremely unusual hardship to the respondent or his family within the meaning of Section 244(a) (1) of the Immigration and Nationality Act of 1952" in their decision.

It is true that the Special Inquiry Officer concluded that the petitioner was not eligible for discretionary relief and he uses language from which it may be urged that he felt he was precluded from finding good moral character by the 1949 decision, but it is the Board's decision which is subject to scrutiny here. The Board is not required to make specific findings on that subject

but they proceeded to discuss, analyze and appraise the record as a whole, giving to the petitioner in any event the benefit of the exercise of the discretion contemplated by the statute, as plainly appears by the following language of the decision.

"This case does not measure up to the standards we require for a grant of suspension of deportation. Respondent's fraudulent claims as to name and his fraudulent presentation of witnesses to support his alleged entry date prior to 1924, alone, would be enough to defeat his application for discretionary relief, which is a matter of privilege granted by this government. * * * In considering a request for suspension of deportation it is proper to look at the alien's record. Upon the record alone, we must refuse to grant suspension of deportation."

The petitioner may not complain, for he received the full measure of the Board's power and the quotation from United States ex rel. James v. Shaughnessy, 2 Cir., 202 F.2d 519, at page 521 is appropriate:

"On the contrary, it is abundantly clear that he has been given administrative consideration of his application on the basis of individual merit, or the lack of it, with recognition of his right to make the application. As the opinion of the Board of Appeals disclosed, its decision was an actual exercise of discretion in the light of 'respondent's own statements and other evidence of record.'"

■ The contention as to the improper use of confidential information may be dismissed with the statement that as the Board indicated in the language quoted above, that petitioner's fraud alone would defeat the application, it follows that the use of confidential information did not effect the ultimate decision.

The petitioner seriously urges that the use of his prior affidavits, statements and evidence together with the affidavits of other persons made and submitted in the matter of his application for registry in October 1947 and for certificate of arrival in March 1934, by the Board was fundamental error and the inclusion of same in the record violates the appropriate regulations making the hearing essentially unfair. Both proceedings were referred to in the oral evidence adduced before the Special Inquiry Officer and the petitioner identified himself as the applicant therein, although one of the applications were made in the name of Frank Orlando Abate. The requested relief was denied in both cases and the pertinent facts were discussed in some detail in the Board's decision making discussion here unnecessary.

As a matter of first impression it would seem that the Board, especially in a matter involving the exercise of discretion, may take notice of the contents of the records of the Immigration Service in matters pertinent thereto. No one doubts that courts frequently exercise that prerogative under somewhat similar circumstances. Ira S. Bushey & Sons v. W. E. Hedger Transp. Corp., 2 Cir., 167 F.2d 9, at page 12. It is urged however that the question of deportation and its suspension are delegated by Congress for Administrative decision under regulations having the force of law which must be followed in order that the "fair and impartial" hearing required by 8 C.F.R. 242.53(6) (b) be afforded. The writings above referred to were not offered as exhibits or made a part of the record as contemplated by Regulation 242.54(a) and (b), but were discussed by the Board in accordance with Regulation 242.61 which requires a discussion of the evidence. See also Regulation 244.2.

No authorities are cited which are controlling. The latest decision found would seem to lend support to this court's first impression. United States ex rel. Matranga v. Mackey, D.C., 115 F.Supp. 45. A close examination of the record, however, shows that any defect in the procedure adopted (if there be one) was

waived by or brought about by the petitioner himself, and his contention now is more technical than substantial.

The Special Inquiry Officer in his decision refers to the two proceedings in detail beyond that shown in the testimony which indicates that the records were considered by him. The petitioner in no way questions the propriety thereof in his notice of appeal. In fact, in the oral argument before the Board at pages four and five, petitioner's counsel makes it clear that he understood that the record of the two applications had received consideration, that he had been given opportunity to examine same, and that they were not made a part of the record before the Special Inquiry Officer. In fact, he indicates that same should have been made a part of the record and in any event did not consider that same had significance. He argues in some detail that petitioner should not be charged with unfavorable inferences by reason of the facts contained therein. On page 13 of the brief submitted on behalf of the petitioner to the Board, the application of March 1934 was discussed and a full page was devoted to minimizing the petitioner's connection therewith. The same thing occurs on page 14 of the brief with reference to the application of 1947. It would seem to follow that the use of the record now objected to was in fact recognized, acquiesced in, and encouraged by the petitioner and that he may not now complain thereof.

"Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." United States v. L. A. Tucker Truck Lines, Inc., 1952, 344 U.S. 33, 73 S.Ct. 67, 69, 97 L.Ed. 54.

This is not a case where discretion was exercised upon writings or upon information concerning which the petitioner had no knowledge. It cannot be said that justice is denied where, as here, the petitioner by his own written and spoken words, freely given, has enmeshed himself in a series of frauds and contradictions. The petitioner must keep in mind that his continued residence in this country is a privilege, not a right, and that this privilege may be withdrawn at any time provided that the procedures supplied are fairly followed.

The Writ is dismissed, and it is

So ordered.