**TSIANG HSI TSENG, Plaintiff,**

v.

**Albert DEL GUERCIO, Officer in Charge, Immigration and Naturalization Service, Defendant.**

**No. 19291.**

United States District Court
S. D. California,
Central Division.

Feb. 20, 1957.

A. L. Wirin and Fred Okrand, Los Angeles, Cal., Stanley Fleishman, Hugh R. Manes, Hollywood, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Volney V. Brown, Jr., Asst. U. S. Atty., Los Angeles, Cal., for defendant.

BYRNE, District Judge.

The plaintiff, a native and citizen of China, lawfully entered this country more than 30 years ago for the purpose of a *temporary* stay to study Political Science and Economics at Stanford University. He has remained here continuously since that entry on July 8, 1926.

On September 20, 1939, a warrant of arrest was issued alleging that plaintiff was subject to deportation on the ground that he had failed to maintain the status of a student. Following hearings it was recommended that plaintiff be deported and on February 20, 1940, the Secretary of Labor so ordered. Between 1940 and 1949 several stays were granted and on January 28, 1949, the hearing was or-; dered reopened to allow the plaintiff to apply for discretionary relief from deportation. The reopened hearing was held on March 24, 1949, and continued to June 19, 1950, at which time additional testimony was taken and another adjournment allowed upon plaintiff's request that he be permitted time to obtain evidence in support of his application for suspension of deportation. On July 28, 1950, the hearing was resumed and completed. Plaintiff was represented by counsel at all of these hearings.

The Hearing Examiner announced his decision on January 18, 1951, and concluded that the plaintiff met the statutory requirements for suspension of deportation as set forth in Section 19(c) (2) (b) of the Immigration Act of 1917, as amended.* Thereafter, on January 21, 1952, the Attorney General acting through the Assistant Commissioner of Immigration and Naturalization exercised the discretion vested in him by Section 19(c) (2) and denied the plaintiff's application for suspension of deportation. Upon appeal the Board of Immigration Appeals found that the Assistant Commissioner had properly exercised the discretion and dismissed the appeal. By this action for judicial review pursuant to 5 U.S.C.A. § 1009, plaintiff seeks review of the administrative proceedings.

 It is difficult to believe that the plaintiff is serious in his contention that there is no reasonable, substantial and probative evidence to support the finding that the plaintiff is deportable for failure to maintain the status of a student. During his 30-year sojourn here on a student visa, the plaintiff has attended half a dozen schools, received degrees at none, been expelled from some, voluntarily left others, and during a cumulative period of almost 15 years did not attend any school. A perusal of the record would lead a reasonable mind to conclude that a finding that plaintiff was maintaining the student status under which he was admitted would be a mockery of the intent and purpose of a student visa.[1]

 The principal adminstrative action complained of by the plaintiff was the treatment accorded his application for suspension of deportation. The plaintiff refers to the Hearing Examiner's decision that he was statutorily eligible for suspension of deportation and then asserts that this decision was "reversed" by the Assistant Commissioner's denial of suspension of deportation. This is an erroneous premise which has tainted the plaintiff's entire argument. Eligibility of an alien for suspension of deportation gives him no right to it as a matter of law, but merely establishes a condition precedent to the exercise of discretion by the Attorney General.

The findings and conclusions of the Hearing Examiner were addressed to the eligibility of the plaintiff for the grant of discretionary relief. The Assistant Commissioner accepted the conclusion that the alien was eligible and stated, "* * * the question remains whether discretionary relief is justified in this case, for the statute says such relief may (not must) be granted in the discretion of the authorities." The Assistant Commissioner, acting for the Attorney General, proceeded to exercise the discretion and in so doing denied the suspension of deportation. The Board of Immigration

---

* Now 8 U.S.C.A. § 1251(a) (1, 2).

1. Section 4(e) of the 1924 Act, 43 Stat. 153 (the applicable provision) provided: "An immigrant who is a bona fide student at least 15 years of age and who seeks to enter the United States solely for the purpose of study at an accredited school * * * particularly designated by him and approved by the Attorney General * * *." The present statute of similar import is 8 U.S.C.A. 1101(a) (15) (F).

Appeals agreed with the Commissioner and dismissed the appeal. No one's decision was "reversed".

█ The power to suspend deportation under the provisions of Section 19 (c) of the Immigration Act of 1917, as amended, was vested by Congress in the Attorney General to be exercised in his discretion and Congress specifically reserved to itself power to overrule his acts of grace. 54 Stat. 672, 8 U.S.C. (1946) § 155(c), as amended, 8 U.S.C. (Supp. V) § 155(c). The courts will not review the exercise of the Attorney General's discretion in the absence of a showing that there has been a clear abuse thereof. Barreiro v. Brownell, 9 Cir., 215 F.2d 585; United States ex rel. Leong Choy Moon v. Shaughnessy, 2 Cir., 218 F.2d 316; United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 206 F.2d 392; United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 180 F.2d 489; Sleddens v. Shaughnessy, 2 Cir., 177 F.2d 363; United States ex rel. Walther v. District Director of Immigration and Naturalization, 2 Cir., 175 F.2d 693; United States ex rel. Salvetti v. Reimer, 2 Cir., 103 F. 2d 777. There is no showing of such clear abuse in this case.

The plaintiff places great reliance on Acosta v. Landon, D.C., 125 F.Supp. 434, a decision of this court. The cases are clearly distinguishable. In Acosta the Attorney General failed to exercise his discretion because his subordinates erroneously thought the alien was statutorily *ineligible* for suspension of deportation. In the instant case it was determined the alien *was eligible* and the discretion *was exercised.*

In a brief filed in this case by the plaintiff's counsel it is stated that prior to the commencement of this proceeding the defendant intended to deport plaintiff to the mainland of China; that he anticipates that if this court holds the deportation order is valid, the defendant will attempt to deport him to the mainland of China; that he further anticipates that China will not indicate a willingness to accept him. He asks this court to decide that defendant may not deport him to the mainland of China unless that country indicates a willingness to accept him.

In a reply brief defendant's counsel says that defendant originally intended to deport plaintiff to the mainland of China but is now unwilling to do so without first having obtained travel documents; that he has requested his superior officers in Washington to advise him as to how he should proceed in this matter; that he will not attempt to deport plaintiff until specific directions have been received; that if the order of deportation is upheld by the court, plaintiff will not be asked to report for deportation until and unless defendant believes he can be deported in accordance with law.

█ There are several reasons why this court may not prejudge the problem which plaintiff anticipates he will encounter one day in the future. The most obvious is that the jurisdiction of this court is based on the Administrative Procedure Act and more specifically 5 U.S. C.A. § 1009, authorizing the court to *review* administrative action. This is not a de novo proceeding and until the administrative agency has acted there is nothing to review.

█ The question before this court is the validity of the administrative agency's deportation order. The court finds that the order is valid. It now becomes the duty of the Attorney General to effect the deportation of the alien in the manner prescribed by Section 1253 Title 8 United States Code Annotated. It must be assumed that the Attorney General will proceed in accordance wih law. If he does not, the courts are open to the alien.

Counsel for defendant is directed to prepare, serve and lodge formal findings and judgment as provided in Rule 7 of the Rules of this Court, West's Ann.Cal. Code.