**Haviv SCHIEBER, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, United States Department of Justice, Respondent.**

**No. 570, Docket 71-2032.**

United States Court of Appeals, Second Circuit.

Argued March 8, 1972.

Decided April 25, 1972.

James A. Cardiello, New York City, for petitioner.

Joseph P. Marro, Sp. Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., and Stanley H. Wallenstein, Sp. Asst. U. S. Atty., New York City, on the brief), for respondent.

Before FRIENDLY, Chief Judge, TIMBERS, Circuit Judge, and JAMESON, District Judge.*

PER CURIAM:

This is the latest, and we trust the last, effort by this petitioner, a citizen of Israel, to avoid deportation pursuant to a valid deportation order requiring him to depart the United States more than eleven years ago.[1]

The instant petition seeks review of a final order of the Board of Immigration Appeals entered November 2, 1971 denying petitioner's motion to reopen his deportation proceeding for the purpose of applying for the discretionary relief of adjustment of status pursuant to Section 245(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a)(2) (1970). Specifically, petitioner moved below to introduce evidence purportedly to show that his criminal convictions in Israel for theft and obtaining money by false pretenses were politically motivated. The Board twice before had denied similar motions on the ground that petitioner was statutorily ineligible for such relief as he was excludable from the United States under Section 212(a)(9) of the Act, 8 U.S.C. § 1182(a)(9) (1970). A petition to review the Board's previous orders denying substantially the same relief was summarily dismissed by this Court from the bench on November 1, 1971. Schieber v. I. N. S., Docket No. 71–1962 (Unreported.) Petitioner's latest motion below was virtually identical to his previous motions except it was supported by affidavits of three individuals who had known petitioner in Israel; and the affidavits sought to controvert the detailed findings of the judgments of conviction entered against petitioner in the Tel Aviv court.

The Board considered petitioner's affidavits; found that they were not material and did not contain new evidence; and accordingly concluded that the deportation proceedings should not be reopened. 8 CFR § 3.2 (1971).

Absent a showing of abuse of discretion, we will not disturb the Board's exercise of discretion in refusing to reopen a deportation proceeding. LaFranca v. I. N. S., 413 F.2d 686, 690 (2 Cir. 1969); Maturo v. I. N. S., 404 F.2d 337 (2 Cir. 1968); United States ex rel. James v. Shaughnessy, 202 F.2d 519, 521 (2 Cir.), cert. denied, 345 U.S. 969 (1953); United States ex rel. Adel v. Shaughnessy, 183 F.2d 371 (2 Cir. 1950).

Our independent examination of the record before us satisfies us that the Board did not abuse its discretion and that it applied the proper criteria in denying petitioner's latest motion to reopen the deportation proceedings. Wong Wing Hang v. I. N. S., 360 F.2d 715, 718–19 (2 Cir. 1966).

Petition denied.

---

* Senior District Judge of the District of Montana, sitting by designation.

1. Petitioner entered the United States on March 18, 1959 as a nonimmigrant visitor for pleasure. He was authorized to stay only until February 1, 1960. Having failed to depart within the time required, he was ordered deported on March 22, 1961, following a hearing at which he freely conceded deportability but declined, when asked, to seek the privilege of voluntary departure or any other form of discretionary relief. From that date until the present, by filing no less than eight motions with the Board and taking numerous appeals, petitioner has succeeded in thwarting the Immigration Service in its attempt to enforce the valid deportation order entered more than eleven years ago.

More than two years ago, then District Judge Walter R. Mansfield described petitioner's sojourn in this Country as "a nine year *tour-de-force*, in which he has used (and undoubtedly abused) every procedural tactic available for delay . . . ." (Schieber v. Esperdy, 70 Civ. 437 (S.D.N.Y., filed February 20, 1970)).

Judge Mansfield's observation is *a fortiori* applicable today.