UNITED STATES ex rel. Walther v. DIS-
TRICT DIRECTOR OF IMMIGRA-
TION & NATURALIZATION.

No. 2631, Docket 21350.

United States Court of Appeals,
Second Circuit.

Argued June 10, 1949.

Decided June 20, 1949.

pus petition is to remain undecided in the district court until the naturalization proceeding is concluded; the deportation order and warrant are meanwhile stayed.

## BRODERICK v. TRAVELERS INS. CO. et al.

### No. 11901.

United States Court of Appeals
Ninth Circuit.
. . June 30, 1949.

Ezra R. Whitla and E. T. Knudson, Whitla & Knudson, Coeur d'Alene, Idaho, for appellant.

John F. X. McGohey, United States Attorney for the Southern District of New York, New York City (W. J. Sexton, New York City, of counsel), for respondent-appellee.

Isaac Shorr, New York City, for relator-appellant.

Before L. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. Putting to one side for a moment Section 724a, the Attorney General's action under Section 155(c) would be final. The word "may" in that section confers discretionary unreviewable power.

■ 2. But Section 724a was enacted before appellant's deportation. Appellee, on oral argument in this court, did not dispute appellant's contention that that section removes an illegal entry as a barrier to naturalization. We do not now so decide. But we think that that question should be canvassed in the naturalization proceedings. If that section is held to remove that barrier, and if appellant otherwise satisfies the provisions of the statute, the deportation order should be quashed.

Accordingly, we vacate the order dismissing the habeas corpus writ; the habeas cor-