**Petition of KAVADIAS.**

**KAVADIAS v. CROSS.**

No. 9799.

United States Court of Appeals
Seventh Circuit.

Oct. 25, 1949.

Timothy P. Galvin, F. J. Galvin, Edmond J. Leeney, Hammond, Indiana, for appellant.

James E. Keating, Assistant U. S. Attorney, South Bend, Indiana, Harry Kobel, Immigration and Naturalization Service, Detroit, Michigan, Walter J. Keckich, Assistant U. S. Attorney, Hammond, Indiana, for appellee.

Before MAJOR, Chief Judge, DUFFY and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

This is an appeal from an order entered December 6, 1948, dismissing petitioner's application for writ of habeas corpus in which it was alleged that he was being unlawfully detained by the Immigration and Naturalization Service. Petitioner, a citizen of Greece, entered the United States unlawfully from Canada on or about November 14, 1940. The court below rendered a carefully prepared opinion, in which the facts relative to petitioner's activities since the time of his arrival are stated, as well as the issues presented for decision. Kavadias v. Cross, D.C., 82 F.Supp. 716. Reference to that opinion obviates any occasion for a detailed statement here. For our purpose, it is sufficient to note that petitioner on March 5, 1943 was inducted into the armed forces of the United States, where he served in active duty status until his discharge on June 25, 1943. That he was honorably discharged is conceded, although there is some dispute as to the reason therefor. His discharge reads, "Honorably discharged by reason of Conv of the soldier to join the Greek Armed Forces," while a statement of the Department of the Army in Washington, D. C., states that petitioner was "honorably discharged 25 June 1943, for Convenience of the Government to join the Armed Forces of Greece." For the purpose of this decision we think it immaterial which reason is correct. In any event, he did not join the armed forces of Greece, and, after a hearing, was on July 19, 1945 ordered deported to Greece. On October 17, 1945, the Board of Immigration Appeals withdrew the deportation warrant and petitioner was given the privilege of leaving the United States voluntarily. This he refused or failed to do, and on December 3, 1946, the warrant for his deportation was ordered reinstated.

On October 2, 1947, petitioner married Georgia Brahos, a citizen of the United States. On December 8, 1947, petitioner filed with the Board of Immigration Appeals a verified motion to set aside the order of deportation and to grant him a hearing under Sec. 19(c) (2) of the Immigration Act of 1917, as amended, 8 U.S.C.A. § 155 (c) (2), on the ground that his deportation would be an economic detriment to his wife, a citizen of the United States. The motion was denied. Petitioner on February 3, 1948, petitioned the Board of Immigration Appeals to reconsider its action, which petition was denied. On March 24, 1948, petitioner was taken into custody by the officer in charge of Immigration and Naturalization Service for removal to Greece under the warrant of deportation which was issued December 3, 1946. It is this warrant which results in his alleged unlawful detention.

Two issues are raised on this appeal. The first issue is whether petitioner was unlawfully denied a hearing on his claim that deportation "would result in serious economic detriment" to his wife, a citizen of the United States. On this phase of the case we are thoroughly in accord with the reasoning of the court below. Moreover,

the Third Circuit in United States ex rel. Dragutin Zabadlija, also known as Charles Anton or Antonio Zabadlija v. Garfinkel, Officer in Charge, Immigration and Naturalization Service, 173 F.2d 222, in a habeas corpus proceeding decided the same question against the petitioner in that case, on facts almost identical with those of the instant case. In doing so the court stated: "Judge Swygert wrote an opinion which fully covers the question presented by the immediate appeal. We think Judge Swygert was right and that the District Judge in this case was right."

No good purpose could be served in attempting to improve upon Judge Swygert's opinion on this issue, and to that extent we adopt his opinion as that of this court.

On July 12, 1948, petitioner filed his application for naturalization as a citizen of the United States in the office of Immigration and Naturalization Service at Hammond, Indiana. Title 8 U.S.C.A. § 724a became effective June 1, 1948. Petitioner contends, as an honorably discharged soldier of the armed forces of the United States, that he is entitled to become a citizen under this provision and is, therefore, not amenable to deportation. The provision so far as here material provides: "Any person not a citizen who has served honorably in an active-duty status in the military or naval forces of the United States * * * or who, if separated from such service, was separated under honorable conditions, may be naturalized as provided in this section if (1) at the time of enlistment or induction such person shall have been in the United States * * *. * * * Provided, however, That no person who is or has been separated from such service on account of alienage * * * shall be regarded as having served honorably * * * for the purposes of this section." Paragraph (b) of this section provides among other things that a person filing under subsection (a) shall not be required to (1) make a declaration of intention, (2) file a certificate of arrival, or (3) show residence within the jurisdiction of the court.

In United States ex rel. Walther v. District Director of Immigration & Naturalization, 2 Cir., 175 F.2d 693, the court considered the identical question with which we are now confronted upon a similar state of facts. There, the petitioner was a native of Germany who had illegally entered this country. He had a wife and children dependent upon him for support and an honorable discharge from the American Navy. On December 27, 1946, he filed an application for naturalization at a time when his illegal entry would have prevented his becoming a citizen. On June 1, 1948, the statutory provision above referred to became effective. On June 10, 1948, the Board ordered him deported, and a warrant of deportation was issued. The Commissioner of Immigration denied his application for a stay of deportation pending the outcome of his application for naturalization. The court, 175 F.2d on page 694 stated:

"But Section 724a was enacted before appellant's deportation. Appellee, on oral argument in this court, did not dispute appellant's contention that that section removes an illegal entry as a barrier to naturalization. We do not now so decide. But we think that that question should be canvassed in the naturalization proceedings. If that section is held to remove that barrier, and if appellant otherwise satisfies the provisions of the statute, the deportation order should be quashed."

We think that is a logical and commonsense view to take of the situation. Of course, we do not think that an order of deportation can be defeated or delayed merely by the filing of a petition which on its face discloses that the petitioner is not entitled to be made a citizen. For instance, in the instant case, if such a petition had been filed prior to the enactment of June 1, 1948, petitioner would have no claim to citizenship because of his illegal entry. And while this is neither the time nor place to decide petitioner's rights, if any, under this recent enactment, it seems to us that he is entitled to a hearing and an adjudication thereon. In saying this, we assume that the petition which he has filed for naturalization (not in the record) is sufficient to bring him within the terms of Sec. 724a.

500

In United States v. Schwimmer, 279 U.S. 644, 649, 49 S.Ct. 448, 449, 73 L.Ed. 889, the court said:

"Every alien claiming citizenship is given the right to submit his petition and evidence in support of it. And, if the requisite facts are established, he is entitled as of right to admission."

The respondent cites two cases in support of its argument that the Attorney General had a right to refuse a stay of deportation until petitioner could have a hearing on his application for naturalization. United States ex rel. Weddeke v. Watkins, 2 Cir., 166 F.2d 369; Houvardas v. Wixon, 9 Cir., 169 F.2d 980. In the Watkins case, the alien sought a stay of deportation so that he might apply for a pardon or to bring some legal proceeding to reopen a judgment of conviction against him in a state court. In the Wixon case, the alien also had a judgment of conviction against him in the state court and sought a stay of deportation so that he might seek a pardon by the Governor of California. Obviously, these cases do not reach the question before us.

■■ We think it is true, as pointed out by respondent, that the statute vests final authority in deportation matters with the Attorney General, but it is equally true that the statute vests final authority in the courts to determine when an alien is entitled to become a citizen. We are of the view that an alien who submits an application for naturalization in accordance with law is entitled to a hearing thereon, and if the requisite facts are established that he is entitled as of right to admission. It is an incongruous situation, to say the least, that an alien who comes within the terms of the recent Congressional enactment may be deported without a hearing and without an adjudication of his rights.

While we recognize that the question is not free from doubt, we agree with the disposition of the matter which the court made in the Walther case, supra, which was as follows:

"Accordingly, we vacate the order dismissing the habeas corpus writ; the habeas corpus petition is to remain undecided in the district court until the naturalization proceeding is concluded; the deportation order and warrant are meanwhile stayed."

The order appealed from is, therefore, reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.