**UNITED STATES ex rel. JANKOWSKI v. SHAUGHNESSY.**

United States District Court
S. D. New York.
Oct. 13, 1950.

Order Affirmed Jan. 29, 1951.

Carol King and Blanch Freedman, New York City, Carol King, New York City, of counsel, for relator.

**8**

Irving H. Saypol, U. S. Atty. for Southern District of N. Y., New York City, William J. Sexton & Lester Friedman, New York City, of counsel, for respondent.

RYAN, District Judge.

Relator, now under order of deportation, seeks by this habeas corpus proceeding to have his deportation stayed until the final determination on his pending petition for naturalization.

After appropriate hearings pursuant to a warrant of arrest charging illegal entry, relator's deportation was recommended by the hearing examiner. Thereafter, his application for suspension of deportation was denied by the Assistant Commissioner of Immigration and Naturalization, who ordered him deported. Although advised of his right to appeal, petitioner failed to do so within the time prescribed by law, and a warrant of deportation issued August 10, 1950.

On June 5, 1949, prior to the commencement of the deportation proceedings, relator filed a petition for naturalization under authority of Section 325 of the Nationality Act, 8 U.S.C.A. § 725, which at that time permitted the naturalization of seamen who had served on American vessels, for five years immediately preceding the date of filing the petition. To date no action has been taken on this petition. Relator now prays that this court hold in abeyance his writ of habeas corpus until such time as his petition for naturalization receives appropriate adjudication.

Prior to the passage of the Internal Security Act of 1950, amending Section 329 of the Nationality Act of 1940, 8 U.S.C.A. § 729; enacted by Congress on September 23, 1950, this court would have granted relator's request in view of the Walther decision in this circuit, U. S. ex rel. Walther v. District Director of Immigration & Naturalization, 175 F.2d 693. However, in Section 27 of the Internal Security Act of 1950, enacted as a new subsection (c) to Section 329 of the Nationality Act of 1940, the following explicit language appears: "No person shall be naturalized against whom there is outstanding a final finding of deportability, and no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act". This language, which seems perfectly clear and unambiguous on the precise point raised in this proceeding, appears to preclude the court's giving relator the relief he seeks.

Relator, however, claiming that he falls within an exception to the above-quoted provision, points to the first sentence of Section 27 which states: " * * * Except as otherwise provided in this Act, no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence * * *." Under Section 325 of the Naturalization Act, even as amended by Section 26 of the Internal Security Act, relator urges that he falls within the category of those who are eligible for naturalization without having entered the United States lawfully for permanent residence.

Admitting the correctness of relator's argument to this point, it does not assist his case materially. The proviso in Section 27 quoted above simply recognizes that to the general rule making lawful admission to this country for permanent residence a condition of naturalization, there are certain exceptions; it in no way suggests that one relieved of that requirement for naturalization purposes is thereby immune from deportation for illegal entry. That Congress recognized the possibility that an individual might at the same time be eligible for naturalization and subject to deportation is implicit in its very effort to deal with that problem in Section 27. Congress chose to deal with that situation by prohibiting the naturalization of an alien against whom deportation proceedings have commenced or a final finding of deportability has been made. With the wisdom of that choice, this court is of course not here concerned.

There is now outstanding against relator a final finding of deportability; further administrative appeal in the deportation

proceedings is no longer available to him; it is clear that he may not now be naturalized. To hold relator's writ of habeas corpus in abeyance pending hearing in his naturalization proceeding would thus be pointless.

The writ is dismissed.