**UNITED STATES ex rel. JANKOWSKI**
**v. SHAUGHNESSY.**

No. 132, Docket 21882.

United States Court of Appeals
Second Circuit.

Argued Dec. 15, 1950.

Decided Jan. 29, 1951.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

Carol King and Blanch Freedman, New York City, for relator-appellant.

Irving H. Saypol, New York City (William J. Sexton, Asst. U. S. Atty., Louis Steinberg, Immigration and Naturalization Service, and Lester Friedman, Immigration and Naturalization Service, all of New York City, of counsel), for respondent-appellee.

FRANK, Circuit Judge.

1. Under Executive Order No. 8766, June 3, 1941, Part II(1),[1] and Regulations

---

1. "1. Immigrants must present unexpired passports, or official documents in the nature of passports, issued by the governments of the countries to which they owe allegiance, or other travel documents showing their origin and identity, prescribed in regulations issued by the Secretary of State, and valid immigration visas granted by the consular officers of the United States in accordance with the requirements of the Immigration Act of 1924 and the regulations issued thereunder."

8 C.F.R. 175.42 and 176.201, appellant could lawfully have entered the United States for permanent residence only if he then possessed a "valid" visa. A visa obtained by fraud or misrepresentation of a material fact is not a valid visa.[2]

■ At the deportation hearings, there was substantial evidence to support the examiner's finding that appellant procured his visa "by fraud and misrepresentation in that it appears that, in his application, [he] * * * concealed the fact that he had been arrested in England in 1940 and imprisoned there until December 1942, and falsely stated that he was at sea during the period he actually was in prison in England." The misrepresentation and concealment were material. Had he disclosed those facts, they would have been enough to justify the refusal of a visa.[3] For surely they would have led to a temporary refusal, pending a further inquiry, the results of which might well have prompted a final refusal.

■ 2. At the opening of the deportation hearings, appellant expressly waived the right to counsel. He was then questioned in detail about the false statements in his application for the visa. Later the hearings were reopened; again, when asked, he said he did not desire counsel. We perceive no unfairness in the hearings.

■ 3. Section 27 of the Internal Security Act of 1950, 8 U.S.C.A. § 729(c), explicitly devitalizes our decision in U. S. ex rel. Walther v. District Director of Immigration & Naturalization, 2 Cir., 175 F.2d 693, by providing: "No person shall be naturalized against whom there is outstanding a final finding of deportability * * *." Appellant contends that this provision does not apply to a naturalization petition pending at the time when the new Act became effective. For the reasons stated by the judge below, we see no merit in that contention.

Affirmed.

2. U. S. ex rel. Fink v. Reimer, 2 Cir., 96 F.2d 217, 218; U. S. ex rel. Lamp v. Corsi, 2 Cir., 61 F.2d 964, 965; Ex parte Soucek, 7 Cir., 101 F.2d 405, 407; Heizaburo Hirose v. Berkshire, 9 Cir., 73 F.2d 86; Daskaloff v. Zurbrick, 6 Cir., 103 F. 2d 579, 580.

3. U. S. ex rel. Fink v. Reimer, 2 Cir., 96 F.2d 217, 218; cf. U. S. ex rel. Iorio v. Day, 2 Cir., 34 F.2d 920.