### JEW SING v. UNITED STATES.

No. 13295.

United States Court of Appeals Ninth Circuit.

Feb. 17, 1953.

Edwards E. Merges, Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., John E. Belcher, Asst. U. S. Atty., and John W. Kean, Atty. U. S. Imm. & Nat. Serv., Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order of the United States District Court for the Western District of Washington, Northern Division, denying a petition for citizenship on the grounds (a) that Jew Sing, a Chinese alien with an honorable discharge after some eight months service in the United States Army, who is seeking citizenship under Section 324 of the Nationality Act of 1940, lacks the good moral character required by paragraph (c) of Section 324, and (b) that the court was without jurisdiction to grant the petition under Section 324 of the Nationality Act of 1940, Section 329(c) of that Act as amended depriving the court from acting where (as here) there is an outstanding final order of exclusion from the United States made by a Special Board of Inquiry of the Immigration Bureau.

Jew Sing was born in China in 1902, and entered the United States illegally in 1921. Until 1942 he engaged in the laundry and restaurant business in New York and Tennessee, in which businesses he behaved in a proper manner. He served in the United States Army from October 28, 1942 to June 24, 1943, and received his honorable discharge.

The testimony is uncontradicted that Jew Sing committed at least six perjuries and a subornation of perjury to conceal his wrongful entry into the country, and falsely established that he was an American citizen. From the Immigration files introduced in evidence it clearly appears that Jew Sing's every step has been deliberate and carefully planned. On June 10, 1933, he fraudulently executed an affidavit of identification to which he attached his picture, claiming to be a citizen of the United States, for the purpose of avoiding apprehension by Immigration officials. In 1947 in Memphis, Tennessee, he applied for and later received a passport, No. 3616, at which time he falsely claimed to be a citizen of the United States. He then left for China and while in China executed and filed an affidavit before an American Vice-Consul claiming birth in San Francisco, California on January 10, 1902. This affidavit was executed for the purpose of bringing his wife to the United States under Public Law 271, Act Dec. 28, 1945, 59 Stat. 659, 8 U.S.C.A. §§ 232–236.

He later applied for admission to the United States at San Francisco, California, October 14, 1947, and steadfastly perjured himself before the examining inspectors with respect to material facts pertaining to his alleged United States citizenship and right to enter the United States. In addition he suborned the perjury of his wife, Wong King Shee, who was induced by him to make statements and claims consistent with his.

On February 6, 1948, he again perjured himself before Immigration officials at San Francisco. Again on November 10, 1948, he perjured himself before Immigration officials at San Francisco and it was not until November 12, 1948, in a statement to Immigration officials at San Francisco, and only after an exhaustive investigation had been made by the government, that Jew

Sing finally admitted that he was born in China and previously smuggled into the United States.

It will be noted that five of these perjuries were after his service in the United States Forces. On December 29, 1948, during his detention, he was indicted by the United States Grand Jury for the Northern District of California, and on January 16, 1949, he pled guilty to violation of 8 U.S.C.A. § 152, making it a felony to make false statements knowingly under oath. He was sentenced to six months' imprisonment, from which he was released on June 4, 1949.

While imprisoned, the Board of Special Inquiry decided that Jew Sing be deported. The decision was affirmed by the Commissioner of Immigration and on May 19, 1949, the appeal therefrom dismissed by the Board of Immigration Appeals. The execution of the order was deferred to permit Jew Sing to seek admission to citizenship under Section 324(a) of the Nationality Act of 1940, 8 U.S.C.A. § 724.

Jew Sing contends that although he committed five perjuries and a subornation of perjury and was convicted of a felony, all after his discharge from the Army, this is not sufficient evidence to support the court's finding that he lacked the good moral character required for American citizenship. It is unnecessary for us to consider Jew Sing's specious argument in support of his extraordinary concept of the moral requirement for citizenship, since 8 U.S.C.A. § 729 [1] denies naturalization to one having against him a final deportation order of the Special Board of Inquiry. United States ex rel. Jankowski v. Shaughnessy, D.C.N.Y., 93 F.Supp. 7, 8, affirmed, 2 Cir., 186 F.2d 580.

The order of the district court is affirmed.

1. The pertinent portion of the Act is:
"(c) * * * No person shall be naturalized against whom there is outstanding a final finding of deportability, and no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act: Provided, That the findings of the Commissioner in terminating deportation proceedings or in suspending the deportation of an alien pursuant to law, shall not be deemed binding in any way upon the naturalization court with respect to the question of whether such person has established his eligibility for naturalization as required by this chapter. As amended Sept. 23, 1950, c. 1024, Title I, § 27, 64 Stat. 1015."