**Petition of Uriy Feodorovich KISELEFF for Naturalization.**

**No. 628405.**

United States District Court
S. D. New York.

Oct. 25, 1955.

Edith Lowenstein, New York City, for petitioner.

William J. Kenville, New York City, Naturalization Examiner.

DAWSON, District Judge.

This motion raises the question as to whether a seaman who, because of five years' service on American vessels before 1950, may be eligible for naturalization is barred from naturalization because there is an outstanding order of deportation against him. The deportation order is predicated upon the ground that he was not admitted to this Country for permanent residence. However, the stat-

ute provides that he may be naturalized even though he was not admitted to the Country for permanent residence.

The matter arises upon a petition for naturalization. Naturalization is opposed by the Naturalization Examiner on the sole ground that there is outstanding a final order of deportation pursuant to a warrant of arrest. The Naturalization Examiner urges that under such circumstances, the Court is without power to hear the petition for naturalization.[1]

The warrant of deportation is dated December 29, 1952. It states that petitioner entered the United States in 1949 and is subject to deportation on the ground that at the time of entry he was an immigrant not in possession of a valid immigration visa and not exempted from the presentation thereof by the Immigration Act of May 26, 1924[2] and regulations made thereunder.

The record shows that petitioner, aged 55 years, a native of Russia and a national of Honduras, first entered the United States as a seaman in July, 1942, and had made numerous entries thereafter but always as a seaman. He apparently last entered the United States as a seaman on October 15, 1949. He has stated that at the time of this entry, he intended to remain permanently in the United States, although he was not in possession of an immigration visa and had never been admitted to the United States for permanent residence. However he claims, and apparently it is not disputed that, he served honorably and with good conduct for an aggregate period of five years on a vessel described in § 325(a)[3] of the Nationality Act of 1940, prior to its amendment by the Act of September 23, 1950.

On the basis of these facts, petitioner contends that he is entitled to be naturalized under the following provision of law:

§ 330(a) (2) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1441(a) (2) which provides as follows:

"Sec. 330(a) (2). For the purposes of this subsection, any periods of time prior to September 23, 1950, during all of which any person had served honorably or with good conduct for an aggregate period of five years on any vessel described in section 325(a) of the Nationality Act of 1940 prior to its amendment by the Act of September 23, 1950, shall be deemed residence

---

1. " * * * Notwithstanding the provisions of section 405(b), and except as provided in sections 327 and 328 no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this or any other Act; and no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act: * * *." § 318 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1429.

2. "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this Act to enter the United States, or to have remained therein for a longer time than permitted under this Act or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 19 and 20 of the Immigration Act of 1917: * * *." Sec. 14, Immigration Act of 1924, 43 Stat. 153, now 8 U.S.C.A. §§ 1251, 1252.

3. "A person who has served honorably or with good conduct for an aggregate period of at least five years * * * on board vessels of more than twenty tons burden, whether or not documented under the laws of the United States, and whether public or private, which are not foreign vessels, and whose home port is in the United States, may be naturalized without having resided, continuously immediately preceding the date of filing such person's petition, in the United States for at least five years, and in the State in which the petition for naturalization is filed for at least six months, if such petition is filed while the petitioner is still in the service on a reenlistment, reappointment, or reshipment, or within six months after an honorable discharge or separation therefrom."

**316**

and physical presence within the United States within the meaning of section 316(a) of this title,.if such petition is filed within one year from the effective date of this Act. Notwithstanding the provisions of section 318, a person entitled to claim the exemptions contained in this paragraph shall not be required to establish a lawful admission for permanent residence." [4]

This provision indicates that a seaman who had served honorably for the required period of time within the required dates on an American vessel could be naturalized without proving lawful admission to the United States for permanent residence. If this were all there were to the problem, the decision would be simple, for petitioner would be entitled to naturalization.

The immigration authorities have taken the position, however, that they have a right to deport a person who was not admitted to this Country for permanent residence, and pursuant to the provisions of the statute so providing, have instituted deportation proceedings against petitioner and have secured a final deportation order. We thus have a situation where a man who, under the statute, may be eligible for naturalization is, at the same time, subject to deportation.

We then run into the further provision of § 318 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1429 which provides that no petition for nat-

uralization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest.[5]

▮ Petitioner contends that relief from the deportation order may now be given by this Court sitting as the naturalization court, citing United States ex rel. Walther v. District Director, 2 Cir., 1949, 175 F.2d 693 and Petition of Kavadias, 7 Cir., 1949, 177 F.2d 497. This contention is invalid as it overlooks United States ex rel. Jankowski v. Shaughnessy, 2 Cir., 1951, 186 F.2d 580 which recognizes that the Walther case had been "explicitly devitalized" by Section 27 of the Internal Security Act of 1950. Section 27 is now Section 318 of the 1952 Act. See also Shomberg v. United States, 1955, 348 U.S. 540, 75 S. Ct. 509 holding that deportation proceedings commenced several months after the petition for naturalization was filed and on grounds which were enacted after the filing were sufficient to prevent a final hearing on the petition even though the petitioner's eligibility for naturalization was unaffected and complete except for the deportation proceedings.

Prior to the enactment of the Internal Security Act of September 23, 1950, there was no requirement of admission for permanent residence of an alien seaman with service such as has heretofore been specified. The 1950 amendment embodied in the Internal Security

4. § 318 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1429 provides in part as follows:

"Except as otherwise provided in this title, no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this Act. The burden of proof shall be upon such person to show that he entered the United States lawfully * * *."

5. "* * * Notwithstanding the provisions of section 405(b), and except as provided in sections 327 and 328 no person shall be naturalized against whom there is outstanding a final finding of deport-

ability pursuant to a warrant of arrest issued under the provisions of this or any other Act; and no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act: *Provided,* That the findings of the Attorney General in terminating deportation proceedings or in suspending the deportation of an alien pursuant to the provisions of this Act, shall not be deemed binding in any way upon the naturalization court with respect to the question of whether such person has established his eligibility for naturalization as required by this title."

Act introduced the requirement in such cases of lawful admission. The Immigration and Nationality Act of 1952 made provision designed to afford relief to those alien seamen who, on September 23, 1950, the effective date of the Internal Security Act, had completed five years of service on board ship without prior lawful admission but had not yet filed a formal application for naturalization. Under § 330(a) (2), such seamen might be naturalized if they filed a formal application for naturalization before December 23, 1953, notwithstanding the absence of their lawful admission for permanent residence. See Commentary on Immigration and Nationality Act by Walter M. Besterman, Legislative Assistant, Committee on the Judiciary, House of Representatives, 8 U.S.C.A. p. 83.

The provision that a person should not be naturalized against whom there is outstanding a final finding of deportability first appeared in the Internal Security Act of 1950. See § 27 which amended § 329 of the Nationality Act of 1940. When the 1952 Act was before Congress, it was agreed by the Conference Committee to retain the provision prohibiting naturalization of an alien against whom deportation proceedings were pending, but to exempt from it aliens who had served honorably in the armed forces of the United States and who were seeking naturalization on this basis either while so serving or following their honorable discharge.[6]

No such exemption, however, was granted as to seamen who had served five years on United States vessels. It is difficult to see why the statute did not extend the same exemption to seamen who were eligible for naturalization under the statute.

▮ The Court would respectfully suggest that the deportation order in this case should be reviewed before further steps are taken in connection with the naturalization petition. In view of the explicit language relating to natural- ization of alien seamen which provides that in cases such as those of the present petitioner, he need not establish that he entered this Country for permanent residence, it is at least open to serious question as to whether his presence in this Country is not such residence as would prevent his deportation. The Department has not urged that petitioner is a security risk or that he is morally undesirable. If he is entitled to be naturalized without proof that he lawfully entered this Country for permanent residence, is it not the height of foolishness for the Immigration Service to nullify this provision in the naturalization law by securing a deportation order against him on the ground that he was not admitted to this Country for lawful residence. See Roggenbihl v. Lusby, D.C. Mass.1953, 116 F.Supp. 315.

The Court declines at the present time to pass upon the petition for naturalization and directs that it be left in statu quo, pending further proceedings on the deportation order if the petitioner wishes to institute such proceedings.

So ordered.

---

6. Conference Report on the Immigration and Nationality Act of 1952, U.S.Code

Cong. & Adm.News, 1952, Vol. 2, p. 1756.