Lilliana DI BATTISTA (nee Paolini)

v.

Joseph M. SWING, Immigration & Naturalization Commissioner, Herbert Brownell, Attorney General of the United States, and The United States of America.

Civ. A. 8322.

United States District Court
D. Maryland.

Nov. 3, 1955.

The United States, for judicial review of and declaratory relief from an order of The District Director of Immigration and Naturalization in the Baltimore District declaring the conditions of a departure bond breached. Jurisdiction is asserted under the provisions of U.S.C. Title 28, § 1346(a) (2). The defendants moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C. for the dismissal of the bill of complaint on the ground it failed to state a case upon which relief may be granted.

The complaint alleges that on December 29, 1948 the plaintiff, having come from Italy on the S.S. Vulcania, entered the United States as a visitor for pleasure at the port of New York City. As a prerequisite to her entry she was required to have a bond in the amount of five hundred dollars posted in favor of the People of the United States (formerly 8 U.S.C. §§ 203(2), 215, now covered by 8 U.S.C.A. §§ 1101(a) (15) (B), 1184 (a)). The bond was conditioned upon the departure of Lilliana Di Battista, then known as Lilliana Paolini, on or before April 13, 1949, and was furnished by the Aetna Casualty & Surety Company, as sole obligor, upon receipt of five hundred dollars in United States currency from Ernest Ebler, brother-in-law of the plaintiff. Prior to the departure date, the alien married Dario Di Battista, a United States citizen, and so notified the District Director of Immigration and Naturalization in the Baltimore District. When she failed to leave the country on April 13, 1949, a warrant for deportation was filed. Pursuant to an application and hearing on suspension of deportation, the Assistant, Commissioner, Adjudications Division of Immigration and Naturalization Service, ordered the deportation of Mrs. Di Battista suspended and the suspension submitted for Congressional approval. Congress failed to ratify the suspension of deportation; and thereafter, acting on an application for suspension, or, in the alternative, for voluntary departure, the Board of Immigration and the Commissioner of Immi-

Ernest A. Sciascia, Baltimore, Md., for plaintiff.

George Cochran Doub, U. S. Atty., and James H. Langrall, Asst. U. S. Atty., Baltimore, Md., for defendants.

R. DORSEY WATKINS, District Judge.

This is an action by an alien, Lilliana Di Battista, against the Commissioner of Immigration and Naturalization, The Attorney General of the United States, and

gration and Naturalization jointly ordered that the alien be permitted to leave the United States voluntarily. This she did on September 22, 1954, and was readmitted to the United States on September 25, 1954 under a non-quota, permanent residence visa issued by the American Consular Office in Montreal, Canada. The District Director of Immigration and Naturalization in the Baltimore District, on November 11, 1954 declared the conditions of the bond breached and made demand on the Aetna Casualty & Surety Company for the payment of five hundred dollars to the Treasurer of the United States. Subsequently, and before suit was filed, the Baltimore District Office was closed.

The Aetna Casualty & Surety Company, the sole obligor on the bond, at the request of counsel for the plaintiff, has refused payment. The plaintiff, however, has been required to repay her brother-in-law, Ernest Ebler, and has done so in the amount of three hundred dollars. Mrs. Di Battista resides in Baltimore, Maryland. There is no provision for an administrative appeal from an order declaring the conditions of a departure bond breached, and the nearest District Director's office where service might be had on the District Director and judicial review obtained under the Administrative Procedure Act, § 10, 60 Stat. 243, 5 U.S.C.A. § 1009, is in Philadelphia, Pennsylvania.

Although no money judgment is asked, plaintiff contends that she is seeking money damages for an arbitrary ruling of the District Director of Immigration and Naturalization in the Baltimore District, and that this suit may be brought against the United States under the Tucker Act, Title 28, U.S.C. § 1346(a) (2) which gives the district courts original jurisdiction of "any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." The plaintiff does not deny that a claim under this section of the Tucker Act must be one for a money judgment and any equitable relief granted must be only in aid of the claim for such money judgment. In Clay v. United States, 1953, 93 U.S.App.D.C. 119, 210 F.2d 686, certiorari denied, 1954, 347 U.S. 927, 74 S.Ct. 530, 98 L.Ed. 1080, it was held in a suit against the United States, brought under 28 U.S.C. § 1346(a) (2) seeking a judgment declaring void an assignment to the United States of certain letters patent that a district court was without jurisdiction over the subject matter and that the complaint did not state a claim upon which relief could be granted. In a proceeding under sec. 41(20) of Title 28, U.S.C. (1940), a former enactment of the Tucker Act with provisions substantially similar to those just quoted, it was held that only claims for money could be adjudicated (Lynn v. United States, 5 Cir., 1940, 110 F.2d 586). The plaintiff contends the conditions of the departure bond have not been breached since the bond was one for liquidated damages in the event the United States should have incurred transportation costs to insure her departure; the action of the Baltimore District Director was arbitrary and not founded on the facts; and she has suffered money damages in that due to the District Director's action she has been forced to repay her brother-in-law, Ernest Ebler, three hundred dollars to date. The plaintiff has failed to distinguish between suffering money damages and seeking a money judgment. No money has as yet been paid to the Treasurer of the United States; and no money judgment against the United States is claimed or could be had. In plaintiff's bill of complaint the relief prayed for in addition to the prayer for general relief is (a) judicial review, and (b) an order reversing the order of the District Director of Immigration and Naturalization, and declaring the obligations under the bond to be discharged. This, on its face, shows the type of relief sought is not

that which can be granted under 28 U.S.C. § 1346(a) (2).

■■ At the hearing on the defendants' motion to dismiss, the plaintiff urged as another ground for the jurisdiction of this court sec. 10 of the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C.A. § 1009.[1] As the bill of complaint indicates, the only form of judicial review available would be either a declaratory judgment or an injunction against the defendants enjoining them from proceeding against the obligor on the bond. Such action, in the absence of a statute permitting suit against the United States, should be brought against an officer of the agency whose action is to be reviewed. From conclusions previously reached in this opinion, it is clear that 28 U.S.C. § 1346(a) (2) does not authorize a suit against the United States in this type of case, nor has any other statute authorizing a suit against the United States in such a case been called to the Court's attention. Therefore, the only remaining question is whether or not the plaintiff could, under the Administrative Procedure Act, sue the Commissioner of Immigration and Naturalization and the Attorney General of the United States, the named defendants in the complaint, in the United States District Court for the District of Maryland. In the usual situation, suit is brought against a local officer, and the problem which arises is whether or not the superior officer is an indispensable party, such superior officer being amenable to service and suit only in the District of Columbia. The United States has not consented to be sued in this type of case. The Commissioner of Immigration and Naturalization and the Attorney General of the United States have not voluntarily appeared and subjected themselves to the jurisdiction of this Court. The Commissioner of Immigration and the Attorney General have their official residences in the District of Columbia and, in the absence of a voluntary appearance, are subject to service of process and suit only in the District of Columbia. (RFCP, rule 4(d) (1) and (5) and (f); 28 U.S.C.A. § 1391(b); Slavik v. Miller, 3 Cir., 1950, 184 F.2d 575, affirming, D.C., 89 F.Supp. 575, certiorari denied, 1951, 340 U.S. 955, 71 S.Ct. 566, 95 L.Ed. 688).

It is true that in Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, the Supreme Court resolved the conflicts between the Circuits by holding that neither the Commissioner of Immigration and Naturalization nor the Attorney General of the United States was an indispensable party in proceedings under the Administrative Procedure Act to review a deportation order, and that such action could be maintained with the appropriate District Director of Immigration and Naturalization as sole defendant. While the instant case does not involve a deportation order, the same principle and underlying reasons would seem applicable to a suit to declare that the action, herein attacked, of a District Director was "illegal". Such holding would, however, be of no avail to plaintiff, as this court has no jurisdiction over the only parties the plaintiff has named as defendants.[2]

The complaint must be dismissed, but the dismissal being based not on the merits but rather on lack of jurisdiction over the defendants, it is without prejudice to any defenses on the bond available to the plaintiff should suit on the bond be brought by the United States.

1. No formal motion for leave to amend so as to assert this alternative ground was made. Briefs filed on behalf of plaintiff and defendants have, however, dealt with the point as if such motion, and objections thereto, had been filed.

2. Nor, of course, would this court have jurisdiction over the nearest District Director, his office being in Philadelphia, Pennsylvania.