**In re Petition for Naturalization of Marko TERZICH.**

Misc. No. 2033.

United States District Court
W. D. Pennsylvania.
July 26, 1957.

Hymen Schlesinger, Pittsburgh Pa., for petitioner.

D. Malcolm Anderson, U. S. Atty., Pittsburgh, Pa., for the United States.

GOURLEY, Chief Judge.

In this motion of the United States of America to dismiss a petition for natur-

alization of one Marko Terzich, the sole question for determination is whether this court can proceed to resolve the collateral issue of the validity of an order of deportation in a proceeding for naturalization.

The government's motion is predicated upon the Immigration and Nationality Act of 1952 which provides, inter alia:

" * * * No person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this or any other Act; and no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act * * *." Section 318 of the Immigration and Nationality Act, 8 U.S.C.A. § 1429.

The record reveals that the petitioner was arrested in deportation proceedings as an alien unlawfully in the United States on June 15, 1953. After full hearing, the Special Inquiry Officer on January 8, 1954 found the petitioner to be a deportable alien and entered an order directing that he be deported. Petitioner appealed said order to the Board of Immigration Appeals. The appeal was dismissed by order of the Board of Immigration Appeals dated June 22, 1954, thereby giving administrative finality to the Special Inquiry Officer's finding of deportability and his order for the petitioner's deportation.

Petitioner contends that the order of deportation is not valid, and, therefore, not a bar to naturalization.

It is apparently well established law that when the appeal of an alien to the Board of Immigration Appeals from an order of deportation is dismissed, the deportation order becomes final. United States ex rel. Spinella v. Savoretti, 5 Cir., 201 F.2d 364; United States ex rel. Kwong Hai Chew v. Colding, 2 Cir., 192 F.2d 1009, reversed on other grounds 344 U.S. 590, 73 S.Ct. 472, 97 L.Ed. 576.

It is of some significance that none of the courts which have so far considered the provision barring naturalization where there is outstanding a final finding of deportability, has gone beyond the simple determination that an administratively final finding of deportability was outstanding. Banks v. United States, 5 Cir., 204 F.2d 583; Jew Sing v. United States, 9 Cir., 202 F.2d 715; United States ex rel. Kwong Hai Chew v. Colding, supra; United States ex rel. Walther v. District Director, 2 Cir., 189 F.2d 517; United States ex rel. Jankowski v. Shaughnessy, 2 Cir., 186 F.2d 580; In re Kiseleff's Petition, D.C., 135 F.Supp. 314.

A review of the wording of the statute and an evaluation of the authorities convince me that petitioner cannot collaterally attack the final administrative deportation order and finding of deportability in this naturalization proceeding, and that any attack on their validity must be made in a judicial proceeding for direct review of the administrative deportation order.

Petitioner is not without remedy. He is free to pursue his remedy under the Administrative Procedures Act, 5 U.S.C.A. § 1001 et seq. by filing complaints for review and actions for declaratory judgment or injunctive relief. Resurrection-Talavera v. Barber, 9 Cir., 231 F.2d 524; Muscardin v. Brownell, 97 U.S.App. D.C. 16, 227 F.2d 31; Shintaro Miyagi v. Brownell, 97 U.S.App.D.C. 18, 227 F.2d 33; Fong Sen v. United States Immigration and Naturalization Service, D. C., 137 F.Supp. 236; DiBattista v. Swing, D.C., 135 F.Supp. 938.

Assuming that I were wrong in the conclusion herein expressed, another cogent reason exists why this member of the court must grant the government's motion. My associate, Judge John Miller, has most recently ruled upon the precise question raised in the instant proceeding. In re Miguel Muniz, D.C., 157 F.Supp. 173.

The rule that judges of coordinate jurisdiction sitting in the same court should not overrule each other on similar issues of law is inextricably woven into the warp and woof of the judicial fabric of this circuit. Jurgenson v. National Oil and Supply Co., 3 Cir., 63 F.2d 727; Price v. Greenway, 3 Cir., 167 F.2d 196; TCF Film Corp. v. Gourley, 3 Cir., 240 F.2d 711.

Motion of the United States of America to dismiss petition for naturalization will be granted.

An appropriate Order is entered.