### Petition For Naturalization of Marko TERZICH, Appellant.
### No. 12391.

United States Court of Appeals Third Circuit.

Argued March 7, 1958.

Decided June 2, 1958.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa. (D. Malcolm Anderson, U. S. Atty., Hubert I. Teitelbaum, First Asst. U. S. Atty., Western Dist. of Pa., Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

█ Can a district court review a final order of deportation in a hearing on a petition for naturalization?

That is the sole question presented on this appeal from the Order of the District Court [1] dismissing a petition for naturalization on the ground that Section 318 of the Immigration and Nationality Act of 1952 ("Act of 1952") [2] requires such action when, as here, there is outstanding a final order of deportation against the petitioner.

The facts are as follows:

Marko Terzich ("petitioner") filed his petition for naturalization on December 11, 1945. Thereafter, on June 15, 1953, he was arrested in deportation proceedings as an alien unlawfully in the United States. The warrant of arrest charged him with violation of Section 241(a)(6) (C) of the Act of 1952,[3] in that he was, or had been subsequent to his entry into the United States, a member of the Communist Party of the United States and the Communist Political Association. After a hearing, the Special Inquiry Officer, on January 8, 1954, found petitioner to be a deportable alien and entered an Order directing his deportation. An appeal by petitioner from this Order was dismissed by the Board of Immigration Appeals ("Board") by Order dated June 22, 1954. Petitioner has not sought to secure judicial review of the outstanding order of deportation by writ of habeas corpus or by petition for declaratory judgment or injunctive relief.

1. The Opinion of the District Court is reported at 153 F.Supp. 651.

2. 8 U.S.C.A. § 1429, 66 Stat. 244.

3. 8 U.S.C.A. § 1251(a) (6) (C), 66 Stat. 204, 205.

Section 318 of the 1952 act provides inter alia:

> "* * * no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act; and no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act * * ".[4]

The Government submits that this provision deprives a naturalization court of jurisdiction to act upon a petition for naturalization while deportation proceedings pursuant to a warrant of arrest are pending, and compels such court to deny the petition when, as here, there has been a final finding and a deportation order. A naturalization court, says the Government, is entirely without jurisdiction to review the merits of the deportation order.

Petitioner, however, contended in the court below that the District Court had jurisdiction in a naturalization proceeding to review the validity of an existing deportation order. He adheres to that contention here and adds another: that his eligibility for citizenship is preserved by the Savings Clause in Section 405(a) of the Act of 1952[5] since his petition for naturalization was filed prior to the effective date of the Act under which the deportation order was entered.

As to the petitioner's first contention:

The Order of January 8, 1954, was "final",[6] constituting a "final finding of deportability" within the meaning of Section 318 (or its predecessor provision, Section 27 of the Internal Security Act of 1950).[7] Federal courts, once they have determined an administrative final finding of deportability is outstanding, have proceeded no further.[8] The District Court in the instant case was right in pursuing the same course.

Our conclusion is buttressed by the decisional law restricting the form of judicial review of deportation orders. Prior to the enactment of the Act of 1952, such review was limited to habeas corpus proceedings.[9] In Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, the Supreme Court held that, in addition to habeas corpus, an alien ordered deported by the Attorney General under the provisions of the Act of 1952 could test the legality of such order in an action for declaratory judgment and injunctive relief under Section 10 of the Administrative Procedure Act.

The pertinent provision of the Administrative Procedure Act states:

> "(b) the form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute *or in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory*

4. See Note 2, supra.

5. 8 U.S.C.A. § 1101, note, 66 Stat. 280.

6. United States ex rel. Spinella v. Savoretti, 5 Cir., 1953, 201 F.2d 364, certiorari denied 345 U.S. 975, 73 S.Ct. 1124, 97 L.Ed. 1390. See also §§ 242(b), (c) and (d) of the Act of 1952, 8 U.S.C.A. § 1252 (b), (c) and (d), 66 Stat. 209–211.

7. 8 U.S.C. § 729(c), 64 Stat. 1015.
   See Jew Sing v. United States, 9 Cir., 1953, 202 F.2d 715; Banks v. United States, 5 Cir., 1953, 204 F.2d 583;

United States ex rel. Jankowski v. Shaughnessy, D.C.S.D.N.Y.1950, 93 F. Supp. 7, affirmed, 2 Cir., 1951, 186 F. 2d 580; In re Kiseleff's Petition, D.C. S.D.N.Y.1955, 135 F.Supp. 314; In re Muniz, D.C.W.D.Pa.1956, 151 F.Supp. 173.

8. Jew Sing v. United States, supra; Banks v. United States, supra; In re Kiseleff's Petition, supra; In re Muniz, supra.

9. Heikkila v. Barber, 1953, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972.

*injunction or habeas corpus) in any court of competent jurisdiction.* Agency action shall be subject to judicial review in civil or criminal proceedings for judicial enforcement except to the extent that prior, adequate, and exclusive opportunity for such review is provided by law." [10] (Emphasis supplied.)

Petitioner contends that Shaughnessy v. Pedreiro, supra, permitting judicial review of deportation orders under the Administrative Procedure Act, is authority for the proposition that a naturalization proceeding is an "applicable form of legal action" within the meaning of the quoted section. A similar contention was expressly rejected by the District Court for the Western District of Pennsylvania in In re Muniz, 1956, 151 F. Supp. 173, cited by the District Court in the instant case.

Section 318 of the Act of 1952 and its predecessor, Section 27 of the Internal Security Act of 1950, were designed to prevent a race between deportation proceedings and naturalization proceedings. Shomberg v. United States, 1955, 348 U.S. 540, 75 S.Ct. 509, 99 L.Ed. 624. When, as here, a final finding of deportability is outstanding against a petitioner, the statute provides that he may not be naturalized. We find in this limitation no suggestion that jurisdiction to review the deportation proceeding thereby devolves upon the naturalization court. Rather, the provision compels the conclusion that Congress intended to separate deportation and naturalization proceedings. Once a naturalization court determines that a final finding of deportability is outstanding, it is required to deny the petition. Thereafter the petitioner may seek judicial review of the deportation order by habeas corpus or under the Administrative Procedure Act. The mere fact that there might be a delay involved in finally determining the naturalization proceeding when and if the order of deportation is expunged does not compel a contrary result.

It may be noted that in oral argument, petitioner suggested that the Order in question is not a "final finding of deportability" under Section 318. This position is premised on the assumption that Section 318 speaks of judicial finality, rather than administrative finality. But assuming arguendo its correctness, Section 318 compels the determination that a naturalization court has no jurisdiction over the deportation proceeding which, if not finally determined, would necessarily be pending. The section clearly states that "no petition for naturalization shall be finally heard by a naturalization court if there is pending against petitioner a deportation proceeding  *  *  *."

■ As to petitioner's contention that his eligibility for citizenship was preserved by the Savings Clause of the Act of 1952 [11] because his naturalization petition was filed before the effective date of that Act:

Shomberg v. United States, supra, is dispositive of that contention. It was there held that the Savings Clause did not prevent application of Section 318 to naturalization proceedings pending on the effective date of the 1952 Act and that an alien could not compel a final hearing on his naturalization petition prior to determination of deportation proceedings instituted after the effective date of the Act.

For the reasons stated the Order of the District Court will be affirmed.

---

10. 5 U.S.C.A. § 1009(b), 60 Stat. 243.

11. The Savings Clause of the Act of 1952 provides that nothing contained in the new Act "unless otherwise specifically provided therein, shall be construed to affect  *  *  *  any status, condition, right in process of acquisition  *  *  *  done or existing, at the time this Act shall take effect".